ROMERO, PETICIONARIO Y APELADO, *v.* IRIZARRY, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre deslinde y examen de fincas.

No. 1668.—Resuelto en julio 6, 1917.

DESLINDE—PETICIÓN AMBIGUA Y DUDOSA—PRUEBAS—SENTENCIA SOBRE LAS ALEGACIONES.—No puede calificarse de ambigua y dudosa una instancia jurada

para que se ordene el examen y deslinde de una finca del demandante y dos del demandado, cuando el primero alega que la finca de su propiedad está comprendida dentro de las del demandado y trata de averiguar el sitio en que se encuentra, pues esas alegaciones contienen todos los hechos necesarios para justificar la pretensión, conforme el artículo 286 del Código de Enjuiciamiento Civil; y si bien dicho artículo en su apartado 3º. dispone que las pruebas se producirán en la forma dispuesta para la vista de *injunctions,* tal precepto ha de aplicarse cuando las partes interesadas propongan pruebas y no cuando el caso ha sido resuelto por los méritos de las alegaciones.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Frank Martínez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En abril del corriente año 1917 José Romero presentó a la Corte de Distrito de Mayagüez instancia jurada en que alega como hechos fundamentales de su acción los siguientes: Que es dueño de una finca denominada Peñón radicada en el barrio de Rosario Peñón del Municipio de San Germán, con cabida de 12 cuerdas bajo las colindancias que expresa; que Francisco Irizarry está poseyendo dos fincas rústicas, una de 34 cuerdas y otra de 20, situadas ambas en el mencionado barrio de Rosario Peñón, del Municipio de San Germán, bajo las colindancias que define; que cree de buena fe que tiene derecho a reclamar la posesión y el disfrute de la finca de su propiedad, la que posee Irizarry y está comprendida dentro de las dos fincas de éste; que para determinar la situación de su finca poseída por Irizarry necesita que se practique un examen y deslinde de ella y de las dos de Irizarry; y que en 23 de febrero último solicitó autorización de Irizarry para el examen y deslinde de las fincas de que se trata, mediante escrito que le dirigió, el cual acompaña con la constancia de su notificación, sin que Irizarry le concediera la autorización pedida.

La instancia concluye con la súplica de que se dicte una orden disponiendo el examen y deslinde de las tres fincas de que se deja hecho mérito, practicándose esas operaciones por

el agrimensor o agrimensores y auxiliares que el peticionario quiera designar.

Señalado día para la vista de la solicitud Francisco Irizarry se opuso a ella alegando que es insuficiente para determinar la acción ejercitada por el demandante, y que la demanda es ambigua y dudosa. Alega también que las dos fincas de la propiedad del demandado que se describen en la demanda no son limítrofes sino que están en distintos sitios del barrio Rosario Peñón de San Germán, separadas por fincas de la propiedad de terceras personas, y que las citadas fincas no colindan por ninguno de sus rumbos cardinales con finca que sea de la propiedad del demandante. Y niega que esté en posesión de la finca de José Romero.

Agrega como defensa especial que el demandante ha promovido el asunto por la vía contenciosa contra el demandado, sin que entre ambos exista pendiente pleito alguno relacionado con la posesión o propiedad de las fincas descritas en la demanda.

La corte de Mayagüez dictó resolución en 13 de abril, por la que de acuerdo con lo dispuesto en el artículo 286 del Código de Enjuiciamiento Civil, declara que la ley y los hechos están a favor del promovente y ordena que se haga el examen y deslinde de su finca y de las dos de Francisco Irizarry, valiéndose para ello del agrimensor y auxiliares que pueda necesitar, todo por cuenta del mismo, de cuya orden se libraría copia certificada que servirá de mandamiento en forma para la práctica de las operaciones indicadas.

Congruente con la anterior orden, a moción oral de la representación de José Romero, la misma corte dictó sentencia en 16 de abril por la que decreta y ordena nuevamente el examen y deslinde a que se refiere la orden antedicha, contra cuya sentencia, inscrita en 16 de abril, interpuso el opositor Francisco Irizarry recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante que la corte cometió error al de-

clarar sin lugar la excepción previa de que la solicitud de deslinde es insuficiente para determinar la causa de acción ejercitada y al desestimar la otra excepción de que la demanda es ambigua y dudosa, habiendo cometido también error al dictar la orden de deslinde sin haberse practicado prueba alguna.

El artículo 286 del Código de Enjuiciamiento Civil que regula el presente caso ordena en su primer apartado que cualquier persona que se creyere de buena fe con derecho a reclamar la posesión, el dominio o una participación en propiedad real o en pertenencia minera que otra persona esté poseyendo puede reclamar de ésta privadamente el permiso para practicar un examen o deslinde de su propiedad, si fuere necesario para determinar, obligar a reconocer o proteger los derechos de que se creyere asistido, y a falta de autorización para el examen o deslinde, después de requerimiento por escrito, transcurrido el término de tres días, puede solicitar de la corte una orden para la práctica del examen y deslinde, haya o no pendiente ante ella algún litigio sobre el derecho discutido.

El apartado 2º. de dicho artículo indica las formalidades que ha de llenar la solicitud para la expedición de la orden de examen o deslinde, siendo esas formalidades que la solicitud sea jurada, haciéndose constar en ella la descripción de la propiedad e interés que la parte tenga en ella; que la propiedad en cuestión esté en posesión de otra persona que se nombrará, que se exprese la razón por la cual se solicita el examen o deslinde, y que conste formalmente el requerimiento hecho a la otra parte y la negativa de ésta.

El apartado 3º. señala la tramitación que ha de seguirse para la vista de la solicitud del examen o deslinde y ordena que las pruebas se producirán en la forma dispuesta para la vista de *injunctions*.

Examinados los anteriores preceptos legales en relación con la solicitud del promovente José Romero, encontramos que en la instancia se alegan todos los hechos necesarios para justi-

ficar la pretensión de José Romero y que además llena todos los requisitos prevenidos por la ley. No puede calificarse de ambigua o dudosa.

José Romero se cree con derecho a reclamar la posesión y disfrute de una finca de su propiedad que estima comprendida en dos fincas que está poseyendo Francisco Irizarry, y para averiguar precisamente el sitio en que se encuentra es que solicita el examen y deslinde.

Ciertamente que el artículo 286 del Código de Enjuiciamiento Civil dispone que las pruebas se producirán en la forma dispuesta para la vista de *injunctions,* pero ese precepto ha de entenderse en el sentido de que las partes interesadas propongan pruebas, lo que no aparece haya ocurrido en el presente caso. Este ha sido resuelto por los méritos de las alegaciones y en la resolución no se han cometido los errores en que el apelante funda su recurso.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.